UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---X
WAFA SHIPPING SARL

Plaintiff,

-against-

MARINAKIS CHARTERING INC. and MEGA SHIPPING LINE CORP.

Defendants
---X

CASE NO.: 18-cv-11608

VERIFIED COMPLAINT

Plaintiff, WAFA SHIPPING SARL (hereinafter "WAFA" or "Plaintiff") by and through its attorneys, Chalos & Co, P.C., files its Complaint against MARINAKIS CHARTERING INC. (hereinafter "MARINAKIS") and MEGA SHIPPING LINE CORP. (hereinafter "MEGA")(collectively referred to as "Defendants"), and alleges upon information and belief as follows:

**PARTIES**

1. At all times material hereto, Plaintiff, WAFA, was and still is a foreign business corporation with its principal place of business located at Iman Centre, Rue Errachiad av. Des. F.AR. 20 000 Casablanca.

2. Upon information and belief, at all times material hereto, Defendant, MARINAKIS, was and still is a domestic corporation incorporated under the laws of the State of New York with its principal place of business located at 39 Broadway, Suite 1810, New York New York 10006.

3. Upon information and belief, at all times material hereto, Defendant, MEGA, was and still is a foreign corporation with its principal place of business in Piraeus, Greece with an

office located c/o Marinakis Chartering Inc. located at 39 Broadway, Suite 1810 New York, New York 10006.

**JURISDICTION**

4. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

5. The Court has jurisdiction over the Defendants because the Defendants transact business in the State of New York and more specifically within this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (c).

**FACTS**

7. At all times relevant hereto, Plaintiff, WAFA, was (and is) a maritime services provider that offers, *inter alia,* agency services to ship owners, operators, charterers, and cargo receivers for vessels calling in Casablanca, Morocco.

8. Upon information and belief, at all times material hereto, Defendant, MARINAKIS, was the disponent owner and/or operator and/or commercial manager of the M/V SEA MASTER.

9. Upon information and belief, at all times material hereto, Defendant, MEGA, was the disponent owner and/or operator and/or commercial manager of the M/V SEA MASTER.

10. On or about July 1, 2016, WAFA was appointed by the Defendants to serve as agent for the call of the M/V SEA MASTER at Casablanca to discharge corn, soybean meals and soyahull pellets. *A copy of the agency appointment is attached hereto as Exhibit A.*

11. WAFA confirmed the appointment and provided Defendants with its standard pro forma invoice for the estimated costs for the Vessel's call at Casablanca.

12. As agent for the Defendants, WAFA was requested to, and did, obtain and provide various necessary goods and services for the operation of the M/V SEA MASTER, including but not limited to handling port charges, vessel expenses, cargo/terminal expenses, agency charges, and other miscellaneous charges.

13. WAFA's pro forma invoice indicates that the costs provided are estimates and the Defendants as disponent owners and/or operators and/or commercial managers of the M/V SEA MASTER are responsible for all costs, fees and expenses ultimately incurred as a result of the vessel's call. *A copy of the terms and conditions associated with the pro forma invoice is attached hereto as Exhibit B.*

14. Additional charges were incurred at Casablanca for shifting of the Vessel that are for the account of the Defendants as the disponent owners and/or operators and/or commercial managers of the M/V SEA MASTER.

15. The total costs for the call of the M/V SEA MASTER at Casablanca totaled USD 120,150.18. Defendants remitted partial payment totaling USD 86,157.93 in advance of the arrival of the M/V SEA MASTER and have refused, neglected, and/or otherwise failed to remit the additional USD 33,310.04 which remains due and owing. *A copy of the final invoice for costs, fees, and disbursements incurred on behalf of the M/V SEA MASTER is attached hereto as Exhibit C.*

16. At present, no less than USD 33,310.04 remains due and owing to WAFA.

17. Despite WAFA having incurred these costs and paid these disbursements on behalf of Defendants, the Defendants have failed, neglected and./or otherwise refused to pay the

balance of USD 33,310.04 due and owing to WAFA, and interest continues to accrue on the unpaid amount.

## FIRST CAUSE OF ACTION

### *BREACH OF CONTRACT*

18. Plaintiff WAFA repeats and re-alleges each and every allegation set forth in paragraphs one (1) through seventeen (17) as if set forth herein at length.

19. At the request of Defendants, Plaintiff WAFA undertook to provide and obtain necessary maritime services for the Defendants Vessel, the M/V SEA MASTER, by acting as their agent while the Vessel called at Casablanca.

20. WAFA provided the agreed upon services to the M/V SEA MASTER required for its call in Casablanca.

21. WAFA provided timely invoices to the Defendants for payment of the charges incurred on behalf of and for the benefit of the M/V SEA MASTER at Casablanca.

22. The Defendants received the benefit of WAFA's services and received the invoices presented.

23. Despite repeated request for payment by WAFA, Defendants have refused, neglected and/or otherwise failed to pay for the charges incurred in breach of the parties' agreement.

24. As a result of Defendant's failure to honor their obligations, Plaintiff has suffered damages in an amount of at least USD 33,310.04.

25. Accordingly, WAFA is entitled to judgment for the outstanding amount of no less than USD 33,310.04, plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

**SECOND CAUSE OF ACTION**

***ACCOUNT STATED***

26. Plaintiff WAFA repeats and re-alleges each and every allegation set forth in paragraphs one (1) through twenty-five (25) as if set forth herein at length.

27. Following the Vessel's departure from the port of Casablanca, Morocco, WAFA issued its final invoice for services provided to the Vessel while it was in port, which reflected an outstanding balance due of USD 33,310.04. *See Exhibit C.*

28. Defendants retained this invoice without objection.

29. More than a reasonable time has elapsed since the invoice was provided to the Defendants.

30. Despite repeated demands for payment, the Defendants have refused, neglected, and/or otherwise failed to timely remit payment for the outstanding amount due to WAFA.

31. Accordingly, WAFA is entitled to judgment in an amount of no less than USD 33,310.04, plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

**THIRD CAUSE OF ACTION**

***UNJUST ENRICHMENT/QUANTUM MERUIT***

32. Plaintiff WAFA repeats and re-alleges each and every allegation set forth in paragraphs one (1) through thirty-one (31) as if set forth herein at length.

33. At the request of the Defendants, Plaintiff provided necessary agency services to the Defendant's Vessel the M/V SEA MASTER, while the Vessel was calling at Casablanca, Morocco.

34. Despite demands for payment for the costs, fees, and disbursements incurred on behalf of Defendants, a principle outstanding balance of USD 33,310.04 remains due and owing to WAFA.

35. Defendants have inequitably benefited from its neglect, failure, and/or refusal to pay WAFA for the disbursements incurred on behalf of Defendant.

36. Defendants have unjustly received and retained the benefit of the services and disbursements made by WAFA while the Vessel was at Casablanca.

37. Equity and good conscience require Defendants to pay WAFA damages in an amount of no less than USD 33,310.04 plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

38. Accordingly, WAFA is entitled to judgment for the outstanding amount of no less than USD 33,310.04, plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

## FOURTH CAUSE OF ACTION

### *Attorneys' Fees*

39. Plaintiff WAFA repeats and re-alleges each and every allegation set forth in paragraphs one (1) through thirty-eight (38) as if set forth herein at length.

40. As a direct result of Defendants failure to remit payment for the outstanding amount of USD 33,310.04 which remains due and owning, Plaintiff has suffered actual damages and been required to retain the services of an attorney to bring this action.

41. Accordingly, Plaintiff seeks reasonable and necessary attorneys' fees and costs incurred in the preparation and prosecution of this action, as well as reasonable fees for any and all appeals to other courts.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law, according to the practices of this Honorable Court be issued against Defendants and said Defendants be cited to appear and answer under oath the allegations alleged in this Verified Complaint;

B. That judgment may be entered in favor of Plaintiff against Defendants on its First Cause of Action (Breach of Contract) for the amount of Plaintiff's damages, together with interest, costs, and disbursements of this action; and

C. That judgment may be entered in favor of Plaintiff against Defendants on its Second Cause of Action (Account Stated) for the amount of Plaintiff's damages, together with interest, costs, and disbursements of this action; and

D. That judgment may be entered in favor of Plaintiff against Defendants on its Third Cause of Action (Unjust Enrichment/Quantum Meruit) for the amount of Plaintiff's damages, together with interest, costs, and disbursements of this action; and

E. That judgment may be entered in favor of Plaintiff against Defendants on its Fourth Cause of Action (Attorneys' Fees) for reasonable attorneys' fees as permitted by law; and

F. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing any judgment which may be obtained; and

G. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: December 12, 2018
Oyster Bay New York

CHALOS & CO, P.C.
*Attorneys for Plaintiff*

By: ______________________________

George M. Chalos, Esq. (GC-8693)
Melissa Patzelt-Russo, Esq. (MR-8150)
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
E-mail: gmc@chaloslaw.com
E-mail: mrusso@chaloslaw.com
Chalos & Co, Ref: 2001.140

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WAFA SHIPPING SARL

Plaintiff,

-against-

MARINAKIS CHARTERING, INC. and MEGA SHIPPING LINE CORP.

Defendant.
-----------------------------------------------------------------X

CASE NO.: 18-cv-11608

VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. § 1746, I, TASSI Rachid Sami, declare under the penalty of perjury:

1. I am a representative of WAFA SHIPPING SARL, and am authorized to act on the company's behalf.

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters, and attorneys.

I declare under penalty of perjury that the foregoing are true and correct.

DATED: 10th of December ,2018
Casablanca (Morocco)

By: TASSI Rachid Sami
Authorized Representative of Plaintiff
WAFA SHIPPING SARL

WS WAFA SHIPPING SARL
IMAN CENTER
Rue Errachid ang Avn FAR - 20000 Casablanca
Sce Compte d'escale
wafadisbusments@wafashipping.ma
Tél.: 05 22 31 32 0- Fax: 05 22 45 18 34